IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alex D. Taylor, | ) | C/A No.: 1:11-1479-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Thierry Nettles, Major; Leslie Davis, | ) | |
| Lieutenant; V. Stafford, Sergeant; and | ) | |
| Barry Robinson, Corporal, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Alex D. Taylor ("Plaintiff"), proceeding *pro se* and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Thierry Nettles, Leslie Davis, V. Stafford, and Barry Robinson (collectively "Defendants") while incarcerated in the custody of the South Carolina Department of Corrections ("SCDC") at Lieber Correctional Institution ("LCI"). This matter is before the court on Defendants' Motion to Seal. [Entry #40]. Plaintiff did not file a response.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). For the reasons that follow, the motion is granted.

Defendants inadvertently filed SCDC policy and procedure OP-22.01 and OP-22.12 as an attachment to their summary judgment motion [Entry #31], which Plaintiff also filed as an attachment to his response to the motion [Entry #36]. Additionally, the undersigned cited portions of the policies in the Report and Recommendation [Entry #38], to which Defendants cited in their objections [Entry #41]. These policies pertain to

the use of force, specifically restraint chairs, and the use of control cells by the officers of SCDC. Defendants represent that SCDC identifies these policies as restricted from inmates and the general public for security reasons. Specifically, SCDC argues that their disclosure poses a serious security risk because if an inmate knows what/how force will be applied, he can plan attacks and use this information to get an upper hand on officers.

In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motions to seal until September 24, 2012. If in the interim period any interested party wishes to object to the permanent sealing of the documents at issue, that party may file a notice of appearance and state its objections. In the event any objections are filed, the court will determine whether the objections merit a hearing. Should no objections be filed by September 24, 2012, the temporary order will automatically convert to a permanent order to seal.

The court considered less drastic alternatives to sealing the requested documents. The court found that less drastic alternatives were not appropriate in this case. The documents sought to be filed under seal contain or consist of information whose disclosure poses a serious security risk.

The court finds persuasive the arguments of counsel for Defendants in favor of sealing the documents and rejecting the alternatives. The court notes that the security interest in nondisclosure of such information outweighs the public's right to access to

these documents. The sensitive nature of the information in the documents at issue requires that the documents be sealed.

Pursuant to Local Civil Rule 5.03 and Fed. R. Civ. P. 5.2, the court finds that this inadvertent disclosure should not act to jeopardize the safety of SCDC personnel and should be sealed by the court.  Further, because Plaintiff's retention of these policies increases the risk of these policies being disseminated into the inmate population, the court orders that pursuant to Fed. R. Civ. P. 26(b)(5)(B), any person who has obtained a copy of the sealed documents is (1) to return the documents to the court or destroy the documents, (2) to identify any persons or entities to whom the documents were provided, and (3) to provide an affidavit verifying compliance with this order, which shall be made pursuant to penalty of perjury.  SCDC is directed to provide a copy of this order to any persons or entities who have obtained said documents to ensure compliance therewith.

For the foregoing reasons, the undersigned grants Defendants' motion to seal [Entry #40] and directs the Clerk's Office to seal Entry #31, #36, #38, and #41.  A redacted version of the Report and Recommendation will be filed on the docket.  Having already filed his reply to Defendants' objections to the Report and Recommendation, Plaintiff will suffer no prejudice by the court's sealing and order requiring that he return said documents to the court or destroy them.  Plaintiff is directed to file an affidavit under penalty of perjury no later than August 31, 2012 indicating his compliance with this order.  Further, the court directs that no one having had access to these documents, including Plaintiff, is permitted to copy any portion of said documents, by hand or

3

otherwise.

Finally, the court takes the opportunity to commend counsel for Defendants for his

forthrightness with the court and his continued zealous representation.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 24, 2012                             Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge