IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alex D. Taylor, | ) | |
| | ) | |
| | ) | Civil Action No.: 1:11-1479-TLW-SVH |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Thierry Nettles, Major, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

On June 20, 2011, the Plaintiff, Alex D. Taylor ("Plaintiff"), proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. # 1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment be denied. (Docs. # 38 and # 45). Defendants filed a timely Objection, (Doc. # 41), to which Plaintiff replied. (Doc. # 43). In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Defendants' objections. After careful review of the Report and objections thereto, the Court declines to accept the Report. (Docs. # 38 and # 45).

As set out in the Report, this case arises out of an incident that occurred on the Max-A-wing of the Lieber Correctional Institution during the early morning hours of November 18, 2012. (Doc. # 31-3 at ¶¶ 12-14). Plaintiff, an inmate at the facility, reached through his cell and grabbed the buttocks of a female staff member, a nurse who was distributing medications. Id. at ¶ 17. As a consequence of this conduct, prison officials determined that it was appropriate to place Plaintiff in a restraint chair. Id. at ¶¶ 19-20. Plaintiff remained in the chair for approximately four (4) hours while under monitoring from medical staff. (Doc. # 31-4 at ¶ 12). Plaintiff was then removed and placed into a control cell, where he remained for a period of seventy-two (72) hours. (Doc. # 1 at 5). Plaintiff does not allege that he suffered any physical injury as a result of these events.

The use of excessive force against a prison inmate by corrections officials violates the Eight Amendment's prohibition against cruel and unusual punishment. Hudson v. McMillan, 503 U.S. 1, 5 (1992). The claimant in an excess force case, however, must meet the heavy burden of establishing that the corrections officials applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to maintain order in the prison setting. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The factors that Courts should look to in assessing corrections officials' conduct include: (1) the necessity of the application of

force; (2) the relationship between the need for force and the amount of force used; (3) the extent of injury actually inflicted; (4) the extent of the threat to safety to the staff and prisoners; and (5) the efforts taken by the officials to temper the severity of the force applied. Whitley, 475 U.S. at 321.

Here the Plaintiff has not made a sufficient showing of "malicious and sadistic conduct" on the part of the Defendant prison officials to survive this motion for summary judgment. Plaintiff committed an offensive touching, specifically conduct that constituted a sexual battery upon a civilian staff member. The response from corrections officials – the placement of Plaintiff in a restraint chair – was videotaped in full, occurred under monitoring by medical staff, and resulted in no physical injury to Plaintiff. See Rodriguez v. Taylor, 2008 WL 5244480 at p. 8 (D.S.C. 2008) ("Plaintiff's placement in a restraint chair . . . does not in and of itself constitute an excessive use of force, as the use of [such] devices . . . have repeatedly been found to be constitutional when used appropriately."). There was no resistance by the Plaintiff when placed in the restraint chair and prison officials used no force during the restraining procedure.

Plaintiff also complains that during his time in the control cell, he was clothed only in his undershorts and not given a blanket or other covering for warmth. (Doc. # 1 at 4-5). However, accepting this as true, Plaintiff does not allege that he was denied food, use of a toilet, or access to medical care, and it is well established that only "'the cumulative effect of several conditions . . . bring[s] solitary confinement within the prohibition of the eight amendment.'" Sweet v. South Carolina Dept. of Corrections, 529 F.2d 854, 861 (4th Cir. 1975) (quoting Note, Prisoner's Constitutional Rights: Segregated Confinement as Cruel and Unusual Punishment, 1972, Wash.U.L.Q. 347, 350-1) (emphasis added). While conditions of confinement may not be

3

entirely lacking in "basic sanitation and nutrition," they certainly may be "harsh and unpleasant" – as they no doubt were here – without rising to the level of cruel and unusual punishment.  Id. at 860.

Finally, in light of the foregoing, the Court notes that even had it found that a constitutional rights violation occurred in this case, the five individually-named Defendants, all of whom were officials of the Lieber Correctional Institution, would be entitled to summary judgment on the basis of qualified immunity, given that their individual conduct in this case did not violate "clearly established constitutional or statutory rights of which a reasonable person would have known."  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  While Williams v. Benjamin, 77 F.3d 756 (4th Cir. 1996), does address the issue of restraining an inmate, in part, it differs significantly from the facts of record before this Court.

## CONCLUSION

For all of the foregoing reasons, the Court hereby declines to accept the Magistrate Judge's Report and Recommendation.  (Docs. # 38 and # 45).  Defendants' Motion for Summary Judgment is hereby **GRANTED**.  (Doc. # 31).

**IT IS SO ORDERED**.


September 20, 2012                                                  __s/Terry L. Wooten_____
Florence, South Carolina                                         United States District Judge